**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DOMINICK MOSES WALKER,**<br><br>**Defendant.** | **Case No. 26-CR-277-JFH** |

**OPINION AND ORDER**

Before the Court is an Objection to the Government's Notice of Intent to Offer Evidence Pursuant to Federal Rule of Evidence 404(b) ("Objection") filed by Defendant Dominick Moses Walker ("Defendant"). Dkt. No. 36. In his Objection, Defendant argues that the "other acts" evidence described in the Government's Notice [Dkt. No. 28] should be excluded pursuant to Fed. R. Evid. 404(b) and 403. *Id*. For the following reasons, the Court finds that the evidence described in the Government's Notice [Dkt. No. 28] is admissible and, accordingly, Defendant's Objection [Dkt. No. 36] is overruled.

**BACKGROUND**

On July 20, 2026, Defendant was charged by indictment with three (3) counts: (1) Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c); (2) Possession of a Firearm and Ammunition after a Misdemeanor Domestic Violence Conviction, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(8); and (3) Possession of an Unregistered Weapon Made from a Shotgun, in violation of 26 U.S.C. §§ 5861(d) and 5871. Dkt. No. 2. Specifically, it is alleged that during a traffic stop on May 22, 2026, Defendant was found in possession of a sawed-off Remington 12-gauge shotgun loaded with two rounds of ammunition. Dkt. No. 28 at 2-3. Defendant told officers that the firearm was not his

and he did not know that it was in the vehicle. *Id*. at 3. This case is presently set on the Court's November 16, 2026 jury trial docket. Dkt. No. 19.

Defendant has four (4) prior convictions: (1) an April 14, 2011 conviction in Northern District of Oklahoma Case No. 10-CR-189-CVE for felon in possession of a firearm and ammunition; (2) a March 29, 2018 conviction in Tulsa County District Court Case No. CF-2018-831 for possession of a firearm after former conviction of a felony; and (3) two (2) April 21, 2025 convictions in Tulsa County District Court Case No. CF-2025-1109 for possession of a firearm while in the commission of a felony and possession of a firearm after former conviction of a felony. Dkt. No. 28 at 4. The Government intends to offer evidence of these prior convictions at trial pursuant to Fed. R. Evid. 404(b).[1] *Id*.

## AUTHORITY AND ANALYSIS

Rule 404(b) provides, in pertinent part:

> Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> …
>
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). Courts in the Tenth Circuit begin a Rule 404(b) analysis with a determination of whether the relevant evidence is intrinsic or extrinsic to the charged conduct, as Rule 404(b) does not apply to intrinsic evidence. *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015)

---

[1] While the Court evaluates this evidence under Rule 404(b) here, it notes that should Defendant refuse to stipulate to his felon status, the Government is entitled to prove its case as it chooses at trial—including introducing Defendant's prior felony convictions as evidence. *See Old Chief v. United States*, 519 U.S. 172, 186 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). Any stipulations must be filed pursuant to the Court's scheduling order. Dkt. No. 48.

(citing *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011)). Evidence is considered "intrinsic" when it is inextricably intertwined with the charged conduct, meaning it is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury;" contrastingly, evidence is "extrinsic" when it "is extraneous and is not connected or blended with the factual circumstances of the charged offense." *Id.* (quoting *United States v. Parker,* 553 F.3d 1309, 1314 (10th Cir. 2009)). Intrinsic evidence "should be approached with caution." *United States v. Collins*, 97 Fed. App'x 818, 824 n.7 (10th Cir. 2004) (unpublished).

If the Court determines evidence is intrinsic, Rule 404(b) does not apply. However, the evidence "remains subject to the requirement of FRE 403 that its probative value is not substantially outweighed by the danger of unfair prejudice." *Irving*, 665 F.3d at 1212. If the Court determines the evidence at issue is not intrinsic, the Rule 404(b) analysis continues and the Court must consider four factors: (1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) whether the probative value of the evidence is substantially outweighed by the prejudicial effect, and (4) the availability of a limiting instruction. *Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006); *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).

The Court finds that evidence of Defendant's prior convictions is extraneous and not connected or blended with the factual circumstances of the charged offenses and, therefore, is extrinsic. The Court will continue its analysis under Rule 404(b).

Regarding the first factor, Rule 404(b) requires the Government to "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). In other words, the Government must specifically state for what purpose the evidence is offered—to prove motive, opportunity, intent,

preparation, plan, knowledge, identity, absence of mistake, or lack of accident—and it must demonstrate how the evidence supports that particular purpose. *Id*. Here, the Government states that it intends to offer Defendant's prior convictions to show his knowledge, intent, absence of mistake, and lack of accident. Dkt. No. 28 at 5. As Defendant indicated to officers at the time of his arrest that the firearm was not his and he did not know that it was in the vehicle, the Government anticipates that one of Defendant's defenses at trial will be that he did not knowingly possess the firearm. *Id*. at 5-6. The Court finds that the evidence is offered for a proper purpose. *United States v. Moran*, 503 F.3d 1135, 1144 (10th Cir. 2007).

The second *Huddleston* factor requires the evidence be relevant under Rule 401. Evidence is relevant if: (1) "it has any tendency to make a fact more or less probable than it would be without the evidence"; and (2) "the fact is of consequence in determining the action." Fed. R. Evid. 401. When considering relevance in a Rule 404(b) analysis, the Court must examine both the similarity of the prior conduct to the charged conduct and the temporal proximity of the two acts. *United States v. Cardinas Garcia*, 596 F.3d 788, 797 (10th Cir. 2010). Prior bad acts are admissible "as long as the uncharged acts are similar to the charged crime and sufficiently close in time." *Mares*, 441 F.3d at 1157 (citing *Zamora*, 222 F.3d 756, 762 (10th Cir. 2000)). "[T]he degree to which factors such as temporal distance and geographical proximity are important to a determination of the probative value of similar acts will necessarily depend on the unique facts of each case's proffered evidence." *Id.* at 1159. But even so, acts "quite remote to the crime[ ] charged have frequently been deemed by us and our sister circuits to be relevant if they were sufficiently similar to those crimes." *United States v. Watson*, 766 F.3d 1219, 1240 (10th Cir. 2014). In other words, there is "no absolute rule regarding the number of years that can separate offenses." *Id*. (citations omitted).

To convict Defendant on the felon in possession charge, the Government will be required to prove that Defendant knowingly possessed the firearm. Because Defendant denied knowing that the firearm was in the vehicle, evidence that Defendant knowingly possessed a firearm at another point in time has a tendency to make the existence of Defendant's knowledge of the firearm in the present case more probable than it would be without the evidence and, further, is a fact of consequence in determining the action. *See Moran*, 503 F.3d at 1144-45.

While Defendant acknowledges the holding in *Moran*, he argues that it is in conflict with *United States v. Commanche*, 577 F.3d 1261 (10th Cir. 2009), which held that evidence of prior convictions is impermissible when it requires the jury to necessarily consider Defendant's conformity with the prior bad acts. Specifically, Defendant argues that in order to consider his prior convictions for purposes of intent, the jury must first make a propensity inference—*i.e.*, that because he knowingly possessed a firearm in the past, he knowingly possessed the firearm in the present case. Dkt. No. 36 at 4. The Tenth Circuit addressed the tension between *Moran* and *Commanche* in *United States v. Henthorn*, 864 F.3d 1241, 1251-52 (10th Cir. 2017). The *Henthorn* Court reiterated that evidence of prior bad acts "remains admissible even if it has the potential impermissible side effect of allowing the jury to infer criminal propensity, so long as the jury is not *required* to make any such inferences in order to also find" intent, knowledge, or lack of mistake. 864 F.3d at 1252 (emphasis in original) (internal quotations and citations omitted). The *Moran* and *Henthorn* Courts found that where an inference is specific and rests on a logic of improbability, the jury is not required to first make a propensity inference and, therefore, the evidence of prior bad acts remains admissible.

This Court follows the holdings in *Moran* and *Henthorn* and finds that Defendant's prior convictions related to possessing a firearm decrease the likelihood that Defendant lacked the

requisite intent or knowledge of possessing a firearm in the present case. In other words, these prior convictions make it less likely that Defendant's possession of the firearm here was inadvertent or the result of a mistake. And while the evidence may allow the jury to draw negative inferences about Defendant's character, such inferences are not required for the jury to find that the prior incidents bear on Defendant's intent, knowledge, absence of mistake, or lack of accident.

The Court's finding of relevancy is further supported upon an examination of the similarity and proximity of Defendant's prior bad acts. First, the prior bad acts are clearly similar to the charged crimes and are, in fact, identical to Count One. Regarding temporal proximity, although the prior bad acts range over a number of years—2011, 2018, and 2025—the Court finds that the similarity to the charged acts preserves their relevancy. For these reasons, the Court finds the second *Huddleston* factor is satisfied.

The third *Huddleston* factor requires that the probative value not be substantially outweighed by its potential for unfair prejudice. While the Court acknowledges that Defendant's prior convictions have potential prejudicial effect, it finds that this does not outweigh the probative value of the evidence. Evidence is not unfairly prejudicial simply because it is damaging to [a party's] case." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (quotation omitted). Rather, it must have "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* In other words, evidence is unfairly prejudicial if it "tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocense [sic] of the crime charged." *United States v. Ford*, 613 F.3d 1263, 1268 (10th Cir. 2010) (emphasis in original) (quotation omitted). The Court finds that any prejudice resulting from admission of evidence of Defendant's prior bad acts is not wholly apart from its relevance to rebut lack of intent and knowledge, or Defendant's defense of mistake

or accident. The Court also does not find the evidence to be cumulative and finds that it can and should be presented efficiently. The third *Huddleston* factor is satisfied.

Finally, the Court can and will provide a limiting instruction regarding evidence of Defendant's prior bad acts. *See* Fed. R. Evid. 105 ("If the court admits evidence that is admissible against a party or for a purpose--but not against another party or for another purpose--the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."); *see also Cardinas Garcia*, 596 F.3d at 798 ("We presume jurors will conscientiously follow the trial court's instructions . . . .") (internal quotations and citations omitted).

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Objection to the Government's Notice of Intent to Offer Evidence Pursuant to Federal Rules of Evidence 404(b) [Dkt. No. 36] is OVERRULED and the evidence described in the Government's Notice [Dkt. No. 28] is ADMISSIBLE.

Dated this 20th day of October 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE