**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DOMINICK MOSES WALKER,**<br><br>**Defendant.** | **Case No. 26-CR-277-JFH** |

**OPINION AND ORDER**

Before the Court is an Opposed Motion to Dismiss the Indictment ("Motion") filed by Defendant Dominick Moses Walker ("Defendant"). Dkt. No. 33. The Government filed a response in opposition. Dkt. No. 52. The Motion is now ripe for ruling.

**BACKGROUND**

On July 20, 2026, Defendant was charged by indictment with three (3) counts: (1) Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c); (2) Possession of a Firearm and Ammunition after a Misdemeanor Domestic Violence Conviction, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(8); and (3) Possession of an Unregistered Weapon Made from a Shotgun, in violation of 26 U.S.C. §§ 5861(d) and 5871. Dkt. No. 2. Count Three was dismissed by motion of the Government. Dkt. Nos. 41 and 47. This case is set on the Court's January 25, 2027 jury trial docket. Dkt. No. 48.

**AUTHORITY AND ANALYSIS**

Defendant seeks dismissal of the indictment under three (3) theories. Dkt. No. 33. Defendant's argument as to the dismissal of Count Three is now moot. Dkt. No. 47. The Court will examine the remaining two (2) arguments regarding the dismissal of Counts One and Two below.

## I. The Constitutionality of Count One and Two Under *Bruen*[1]

Defendant argues that Counts One and Two must be dismissed based on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022), arguing that 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 922(g)(9) are unconstitutional as applied. Dkt. No. 33 at 10. Specifically, Defendant argues that the Nation's historical tradition of firearms regulation is not consistent with these statutes. *Id*. at 11-12. Defendant acknowledges Tenth Circuit precedent which forecloses his argument, but "maintains that these decisions are wrongly decided." *Id*. at 12, n.4.

In 2009, the Tenth Circuit held § 922(g)(1)—which prohibits individuals with felony convictions from possessing firearms—is a constitutional restriction on a convicted felon's Second Amendment rights. *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009). Over a decade later, in 2022, the United States Supreme Court decided *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, which concluded that the Second Amendment prohibits a state from requiring gun owners to demonstrate a special need to obtain a concealed carry license to carry a firearm in public. 597 U.S. 1, 70-71 (2022). In doing so, the Supreme Court set out a two-step test for determining whether legislation regulating the use or possession of firearms violates the Second Amendment. First, a court considering such a challenge must determine whether the Second Amendment's "plain text covers an individual's conduct." *Id.* at 24. If so, "the Constitution presumptively protects that conduct," and "the government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*

Then, in 2024, the Supreme Court applied that test in *United States v. Rahimi* to § 922(g)(8), which prohibits individuals subject to a domestic violence restraining order from possessing a

[1] As Count Three has been dismissed, the Court examines this argument only as to Counts One and Two. Dkt. No. 47.

firearm. 602 U.S. 680 (2024). The Court ultimately concluded that restriction passed constitutional muster. *Id*. at 702. In doing so, the Court recognized that it had "never established a categorical rule that the Constitution prohibits regulations that forbid firearm possession in the home. In fact, [the Court's] opinion [in *Heller*] stated that many such prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *Id*. at 699, 144 S.Ct. 1889 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)).

Most recently, in 2025, the Tenth Circuit in *Vincent v. Bondi* explained that these two Supreme Court cases did not abrogate *McCane's* prior holding that § 922(g)(1) is a constitutional restriction on a convicted felon's Second Amendment rights. 127 F.4th 1263, 1266 (10th Cir. 2025), *cert. denied*, 146 S.Ct. 1768 (2026). *McCane's* holding thus remains binding on this Court. Likewise, binding Tenth Circuit authority has upheld the constitutionality of 18 U.S.C. § 922(g)(9). *See United States v. Jackson*, 138 F.4th 1244, 1253-55 (10th Cir. 2025). Accordingly, Defendant's argument here is foreclosed and must be denied.

## II. The Multiplicity of Counts One and Two

Defendant next argues that Count Two should be dismissed as it is multiplicitous of Count One. Dkt. No. 33 at 12. Specifically, Defendant argues that both Count One and Count Two charged him with knowingly possessing a Remington Arms Co., Model 870 Wingmaster 12-gauge firearm and two rounds of Winchester 12-gauge ammunition and that he cannot be convicted "of multiple violations of 18 U.S.C.§ 922(g) where, as here, only a single firearm is involved." *Id*. at 13. Defendant argues that allowing both counts to proceed to trial implicates double jeopardy concerns.

"The Double Jeopardy Clause protects a defendant 'against cumulative punishments for convictions on the same offense.'" *United States v. Benoit*, 713 F.3d 1, 12 (10th Cir. 2013)

(quoting *Ohio v. Johnson*, 467 U.S. 493, 500 (1984)). "Multiplicity," in turn, "refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997). Whereas "multiplicitous sentences violate the Double Jeopardy Clause," *United States v. Morris*, 247 F.3d 1080, 1083 n.2 (10th Cir. 2001), multiplicitous charging "is not fatal to an indictment," *United States v. Morehead*, 959 F.2d 1489, 1505 (10th Cir. 1992). *But see United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006) ("[M]ultiplicitous counts which may result in multiplicitous convictions are considered 'improper because they allow multiple punishments for a single criminal offense.'" (quoting *United States v. Jenkins*, 313 F.3d 549, 557 (10th Cir. 2002))). Thus, "[a] decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court." *Johnson*, 130 F.3d at 1426 (affirming denial of pretrial motion to dismiss counts as multiplicitous where "the possibility (albeit slim) existed that [Defendant] could be convicted on one count and acquitted on the other" and where there was "little if any risk that the evidence pertaining to the multiple firearm counts resulted in the jury reaching a compromise verdict or in assuming [Defendant's] guilt on one or more of the counts").

The Court agrees with the Government that it is possible that Defendant could be convicted of only one of the two charges. The Court further finds that there is little risk that a jury will reach an improper verdict if evidence is presented on both counts.[2] As such, the Court will exercise its discretion to deny the Motion. If Defendant is ultimately convicted of both Counts One and Two, Defendant may renew this motion and the Court may vacate one of the convictions so as to avoid imposition of multiplicitous sentences. *See McCullough*, 457 F.3d at 1162 ("Where multiplicitous

---

[2] The Court notes that the risk of prejudice related to evidence of Defendant's previous convictions may be alleviated in this case via stipulation pursuant to *Old Chief v. United States*, 519 U.S. 172 (1997).

convictions are found, 'the only remedy . . . is . . . to vacate one of the underlying convictions as well as the . . . sentence based upon it.'" (quoting *Rutledge v. United States*, 517 U.S. 292, 301-02 (1996))). For these reasons, this argument also fails.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss the Indictment [Dkt. No. 33] is DENIED.

DATED this 3rd day of November 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE